UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:

**PRIME RENTALS, LLC**,

Debtor.

Case No. 15-7473-RLM-11

**FIRST DAY MOTION OF DEBTOR
FOR AUTHORIZATION TO USE CASH COLLATERAL,
AND TO SCHEDULE A FINAL HEARING PURSUANT TO
BANKRUPTCY RULE 4001**

Prime Rentals, LLC, ("Debtor"), by counsel, respectfully represents the following to the Court:

1. On the date hereof, Debtor was the Debtor in Possession in the captioned Bankruptcy proceeding, which was commenced by the filing of a Voluntary Petition under Chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code"), on September 2, 2015, which generated the related Order for Relief herein, (the "Commencement Date"). Debtor continues to operate its business and manage its properties pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Debtor is engaged in the business of owning and operating seventeen residential rental single family homes in Lafayette, Indiana.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 USC §§ 157 and 1334. This is a core proceeding pursuant to 28 USC §§ 157 (b). Venue is proper before this Court pursuant to 28 USC §§ 1408 and 1409.

**Relief Requested**

4. By this Motion, Debtor requests authorization to obtain post-petition use of cash collateral pursuant to §§105, 361, 363 and 507 of the Bankruptcy Code. The Debtor presents no specific loan transaction for approval of the Court but rather seeks blanket authority to use cash collateral to the extent such authority is needed. Unlike the typical chapter 11 case in which a single lender has a perfected interest in cash collateral, this case present a separate lender for each item of real estate collateral owned by the Debtor. The nature of that collateral makes it amenable to a unique form of financing which is the ubiquitous secondary market for thirty year fixed mortgages. In some cases the language of this type of mortgage

contains an assignment of rents and profits and in some it doesn't. To the extent any mortgage creditor in this case has an enforceable assignment of rents and profits, this Motion seeks authority to use the rents which are cash collateral.

### Pre-Petition Financing of the Debtor's Operations

5.     Prior to the Commencement Date, the Debtor's liquidity needs were met entirely by rent received by the Debtor in the ordinary course of its business operation. Since the Debtor owns seventeen properties, all of which have varying amounts and consistency of rent paid, the collective rent received on a monthly basis is used by the Debtor to pay its operating expenses, without regard to which property generated the rent. By this Motion the Debtor proposes the same regime for use of cash.

### Post-Petition Financing of the Debtor's Reorganization

6.     Debtor has determined that it can reorganize its business operations and that it is in the best interest of all of its creditors to do so. Debtor urgently needs working capital to continue such business operations, and is unable to obtain post-petition financing from any source other than the rent received by the Debtor in the ordinary course of its business operation ("Rents"). Debtor's inability to obtain and maintain sufficient operating liquidity to meet its post-petition obligations on a timely basis may result in a permanent and irreplaceable loss of value in its assets and a resultant diminution in the value of the Debtor to the detriment of its creditors. This financing is essentially the use of cash collateral generated by collection of Rents and the use of its operating accounts, and does not require any lender to advance new sums to the Debtor post-petition. Based on the budget that is attached hereto as Exhibit "A", (the "Budget"), the Debtor believes the proposed financing of its reorganization in this way is reasonable.

7.     The Debtor proposes that paying the expenses listed in its Budget will preserve the going concern value of its real estate assets and prevent any depreciation in such value, thus providing adequate protection to any creditor affected by the use of the Rents. The Debtor does not believe that there are any provisions of the proposed use of cash collateral that violate the dictates of SD Ind B-4001 (b), (1) through (5) that require disclosure.

8.     Notice of this Motion has been provided to the US Trustee and to the secured creditors herein. Given such notice, Debtor requests that the Court set this motion for an interim hearing on an expedited basis, and then a final hearing for consideration of implementation of the use of cash collateral,

(the "Final Hearing").

      **WHEREFORE,** the Debtor herein respectfully requests that it be authorized to use cash collateral as described herein, and for all other just and proper relief in the premises.

___/s/ KC Cohen_____            September 2, 2015  
Attorney for the Debtor:  
KC Cohen 04310-49  
KC Cohen, Lawyer, PC  
151 N. Delaware St., Ste. 1106  
Indianapolis, IN 46204  
317.715.1845  
fax 636.8686  
kc@smallbusiness11.com

### CERTIFICATE OF SERVICE

The undersigned counsel, hereby certifies that a copy of the foregoing was served upon the below listed parties at the address indicated using the Court's ECF filing system. In addition, copies of the foregoing were delivered to the following parties in interest by the means shown on September 2, 2015:

KC Cohen on behalf of Debtor  
kc@esoft-legal.com

Brenda Hatfield  
Hatfield.brenda@gmail.com

Joe McGonigal  
joe.mcgonigal@usdoj.gov

U.S. Trustee  
ustpregion10.in.ecf@usdoj.gov

                                                                                               _____/s/ KC Cohen_____  
                                                                                                  KC Cohen 04310-49