SO ORDERED: September 16, 2015.

_____
**Robyn L. Moberly
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | |
| **PRIME RENTALS, LLC**, | Case No. 15-7473-RLM-11 |
| Debtor. | |

### INTERIM ORDER AUTHORIZING DEBTOR IN POSSESSION
### TO USE CASH COLLATERAL

This matter is before the Court on the motion (the **"Motion"**), dated September 2, 2015 filed by Prime Rentals, LLC, (the **"Borrower"**, or the **"Debtor"**), as debtor and debtor-in-possession to use cash collateral, and the Court, having held a hearing on approval of the Motion pursuant to an Order that directed that notice of such hearing be given to all creditors and counsel for the US Trustee, such notice having been given, now finds as follows:

1. This Court has jurisdiction to consider this matter pursuant to 28 USC §§ 157 and 1334. This is a core proceeding pursuant to 28 USC §§ 157 (b).

2. Venue is proper before this Court pursuant to 28 USC §§ 1408 and 1409.

3.  On September 2, 2015, a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") was filed by the Debtor (the **"Petition Date"**).

4.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its affairs as a debtor in possession. No trustee, examiner or committee has been appointed in this Chapter 11 Case.

5.  Debtor has filed its Motion to Use Cash Collateral, and for Scheduling of a Final Hearing Pursuant to Bankruptcy Rule 4001 (the "**Motion**").

6.  Notice of the Motion has been provided in accordance with Bankruptcy Rule 4001, but given the nature of that notice Debtor gave notice to all creditors in care of the attorneys who represented them in pending litigation.

7.  The ability of the Debtor to finance its operations and the availability of sufficient working capital and liquidity is vital to the Debtor's ability to maintain its business and to a successful reorganization pursuant to the provisions of Chapter 11 of the Bankruptcy Code. This Order addresses only the use of cash collateral, as shown in the Budget attached to the Motion as Exhibit "A", (**"Budget"**), and does not provide for additional lending to the Debtor.

8.  Debtor has determined that it can reorganize its business operations and that it is in the best interest of all of its creditors to allow it to do so. Debtor therefore intends to continue with ordinary course of business operations in furtherance of such objective. Debtor urgently needs working capital to continue such business operations. Debtor's inability to obtain and maintain sufficient operating liquidity to meet its post-petition obligations on a timely basis may result in a permanent and irreplaceable loss of value in its assets and a resultant diminution in the value of the Debtor to the detriment of its creditors. This use of cash collateral generated by the collection of rents and the use of its operating accounts does not require any lender to advance new sums to the Debtor post-petition. Based on the Budget, the Debtor believes the proposed financing of its liquidation in this way is reasonable.

9.  **"Cash Collateral"** means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other

2

public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

**ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED that:**

10. The above findings are incorporated by reference in this Order.

11. The Motion is granted on a limited basis, and the Debtor is expressly authorized to use Cash Collateral in the ordinary course of business in accordance with the terms hereof and the Budget, only to pay maintenance and utilities in the ordinary course and insurance premiums that come due in the period following entry of this Order but before the entry of a final Order.

12. Debtor's right to use Cash Collateral shall immediately terminate on any of the following occurrences: (i) a trustee is appointed in this Chapter 11 case, pursuant to 11 U.S.C. §1104; or (ii) the Debtor's Chapter 11 case is converted to a Chapter 7 case or dismissed pursuant to 11 U.S.C. §1104 (collectively, items (i) and (ii) are "Termination Events").

13. Absent further Order of this Court, at all times while this Order is in effect, Debtor shall not (a) sell any of its collateral, (b) grant or allow the collateral to be subject to any lien, security interest, mortgage or other encumbrances of any nature or kind, or (c) make any payments or transfers of its assets except as set forth in the Budget.

14. This Order shall not be deemed to be a waiver of any of Debtor's obligations or a waiver of any defaults pursuant to any agreement between any lender and Debtor.

15. This Order shall not be construed as a waiver by any lender or Debtor of any rights or remedies provided under the Bankruptcy Code or other applicable law.

16. The terms and provisions of this Order shall be binding upon and inure to the benefit of Debtor and its respective successors and assigns, including but not limited to, any trustee hereinafter appointed as a representative of the estate herein, whether appointed under Chapter 11 or Chapter 7 of the Bankruptcy Code.

17. This Order, entered pursuant to motion, is in a "core" proceeding as defined in 28 U.S.C. Section 157, and is immediately valid and fully effective upon its entry.

18. The Debtor shall serve a copy of this Order on all creditors in this case within one day of its entry.  A final hearing shall be held by the Court on the Motion on October 13, 2015 at 3:30 pm at the

US Courthouse, 46 E Ohio St., Indianapolis, Indiana 46204, room number 329. Any objection to the entry of a Final Order granting the Motion must be filed on or before October 9, 2015.

### #

Case 15-07473-RLM-11　　Doc 28　　Filed 09/16/15　　EOD 09/16/15 11:40:25　　Pg 4 of 4